## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELICIA E AGGREY-DAGBO,** | : | No. 3:15cv689 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **LOTCHI DAGBO,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Before the court is Plaintiff Felicia E Aggrey-Dagbo's (hereinafter "plaintiff") *pro se* complaint, seeking to collect $50,000 from her estranged husband. (Doc. 1). Plaintiff asserts that this court has subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a). Plaintiff's complaint, however, fails to demonstrate that the court can exercise diversity jurisdiction. As such, the court will *sua sponte* dismiss plaintiff's complaint.

**Background**

Plaintiff filed a two-count breach of contract complaint on April 8, 2015.[1] (Doc. 1, Compl.). Liberally construed, plaintiff's contract claims arise from the irretrievable breakdown of her marriage with Defendant Lotchi Dagbo

---

[1] Plaintiff's complaint fails to directly assert breach of contract claims. A liberal review of plaintiff's complaint, however, establishes that plaintiff's allegations seek to assert breach of contract claims. See Alston v. Parker, 363 F.3d, 229, 234 (3d Cir. 2004) (stating that courts are to construe complaints so "as to do substantial justice," keeping in mind that *pro se* complaints in particular should be construed liberally).

(hereinafter "defendant").² (Id. at 1-2). Specifically, plaintiff seeks $29,899 in unpaid alimony pendente lite and $20,101 in unpaid bills from the defendant. (Id. at 2).

**Discussion**

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993). Moreover, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).

In the instant matter, plaintiff asserts the court has subject matter jurisdiction under the diversity statute. The diversity statute permits a federal district court to exercise subject matter jurisdiction over cases and controversies when the matters involve citizens of different states and when the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a) ("The

---

² Plaintiff asserts her estranged husband refuses to proceed with her divorce. The court, however, notes that under Pennsylvania law a divorce may be granted if the couple has been living separate and apart for at least two years and the marriage is irretrievably broken. 23 PA. CONS. STAT. ANN. § 3301(d). Thus, it appears plaintiff may request a hearing from the Monroe County Court of Common Pleas on or after September 13, 2015 to finalize her divorce.

district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."). Therefore, the requirements for diversity jurisdiction are twofold: (1) the parties must have diversity of citizenship and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest.  The court will address each requirement in turn.

**Diversity of citizenship**

In cases premised on diversity of citizenship, complete diversity must exist between the plaintiff and all of the defendants.  28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Accordingly, the key inquiry in establishing diversity is the "citizenship" of each party to the action.  Id.

A natural person is deemed to be a citizen of the state where he is domiciled.  Id.  An individual's presence in a state and the intent to remain there indefinitely establish domicile.  Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011).  Additionally, "[w]hen determining a person's domicile, courts consider declarations; place of employment; exercise of political rights; payment of personal taxes; house of residence; place of business; location of brokerage and bank accounts; location of spouse and

family; membership in unions and other organizations; and driver's license and vehicle registration." Freidrich v. Davis, 989 F. Supp. 2d 440, 444 (E.D. Pa. 2013) (citing McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006)).

In the instant matter, plaintiff is a citizen of Pennsylvania. (Doc. 1, Compl. at 1-2). Regarding defendant's citizenship, plaintiff alleges the defendant resides at 1702 Chipperfield Drive, Stroudsburg, PA 18360. (Id. at 1). Additionally, plaintiff asserts the defendant collects his mail at the local post office in Stroudsburg, Pennsylvania. (Id. at 2). The complaint, therefore, establishes that the defendant is also a citizen of Pennsylvania. Because the plaintiff and defendant are citizens of the same state, the court may not exercise subject matter jurisdiction pursuant to the diversity statute.

**Amount in controversy**

Plaintiff's failure to assert an amount in controversy in excess of $75,000 likewise precludes the court from exercising subject matter jurisdiction pursuant to the diversity statute. The United States Supreme Court established the test for determining the amount in controversy for diversity jurisdiction in St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283 (1938). The Supreme Court stated that:

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a

> different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. . . . But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

St. Paul Mercury Indem Co., 303 U.S. at 288-89.  When applying this standard, federal courts must be certain that the jurisdictional threshold cannot be met before dismissal is appropriate.  Columbia Gas Transmission Corp., 62 F.3d 538 at 541.

In the instant matter, plaintiff's complaint asserts, to a legal certainty, that the amount in controversy is only $50,000.  Specifically, plaintiff avers the defendant owes her $29,899 in unpaid alimony pendent lite.[3]  (Doc. 1, Compl. at 1-2).  Plaintiff also claims the defendant owes her $20,101 in unpaid

---

[3] On September 13, 2013, plaintiff filed for divorce in the Monroe County Court of Common Pleas.  (Doc. 1, Compl. at 1).  In January 2014, the Monroe County Court of Common Pleas awarded plaintiff $3,223 in alimony pendente lite.  (Id.)  The defendant refused to pay and was subsequently incarcerated on civil contempt charges in November 2014.  (Id.)  The defendant, with the assistance of his sister and brother-in-law, paid $12,000 of his $41,899 arrearage balance, and was released.  (Id.)  Plaintiff asserts the defendant has absconded and presently owes $29,899 in unpaid alimony pendente lite.  (Id. at 1-2)

mortgage, electric, sewer and cable bills pertaining to the marital residence. (Id.)  Accordingly, plaintiff's complaint establishes that the total amount in controversy–the sum of the unpaid alimony pendente lite ($29,899) and bills ($20,101)–is $50,000, which is less that the $75,000 amount necessary to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

**Conclusion**

For the above-stated reasons, plaintiff's complaint fails to adequately allege a basis for this court to exercise subject matter jurisdiction under 28 U.S.C. § 1332(a).  The parties do not have diversity of citizenship because plaintiff and defendant are citizens of the same state–Pennsylvania.  Further, the amount in controversy does not exceed $75,000.  Thus, the court will dismiss plaintiff's complaint.  An appropriate order follows.


**Date:   04/17/2015**                              **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**